UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:96-cr-00132-JRS-MJD |
| RALPH TAYLOR, | ) ) -01 ) | |
| Defendant. | ) | |

**Order Denying Motion for Compassionate Release**

On June 25, 1998, Ralph Taylor was sentenced to 360 months confinement, 10 years Supervised Release, a $25,000 fine, and a $700 Special Assessment Fee, following his conviction on 14 counts of Drug Distribution and Money Laundering charges. On February 7, 2019, Mr. Taylor filed a pro se motion asking the Court for Compassionate Release under the First Step Act, and counsel was appointed to assist him. On August 1, 2019, the Bureau of Prisons placed Mr. Taylor in its Home Confinement Program to serve the remainder of his sentence consistent with the First Step Act.[1] Currently, he has a projected release date of November 6, 2022. For the reasons explained below, Mr. Taylor is not currently eligible for compassionate release, and his motion, dkt [274], is **denied.**

The United States has opposed this motion on the basis that it is moot because defendant "is no longer in the physical custody of the Bureau of Prisons and has been serving the remainder

---

[1] On June 13, 2019, Mr. Taylor signed an agreement titled "Home Confinement and Community Control Agreement." Dkt. 290-1. This form, Form BP-A0548, is provided by the U.S. Department of Justice Federal Bureau of Prisons and specifies the terms by which Mr. Taylor is permitted to participate in home confinement as an alternative to placement in a Community Corrections Center.

of his sentence on home confinement since August 1, 2019." Dkt. 285 at 1. This is not correct, as the defendant is still in the legal custody of the Bureau of Prisons.

The question then, is whether Mr. Taylor is eligible for immediate release under the First Step Act due to his advanced age. For the reasons explained below, the answer is no.

To be eligible for compassionate release under the First Step Act, Mr. Taylor must successfully demonstrate that he has exhausted his administrative remedies and 1) there are extraordinary and compelling reasons that warrant the reduction or 2) the defendant is at least 70 years of age, has served at least 30 years in prison for the offense for which he is currently imprisoned, and the BOP has determined that the defendant is not a danger to the safety of any other person or the community. First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5239 (2018) (amending compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)).[2]

---

[2] Specifically, 18 U.S.C. § 3582(c)(1)(A) states:

Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A).

The first barrier Mr. Taylor faces is that he has not demonstrated that he exhausted his administrative remedies with the Bureau of Prisons. Second, Mr. Taylor has not shown that there are "extraordinary and compelling reasons that warrant the reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Taylor was recently granted participation in home confinement, which allows him to attend to any necessary medical conditions without terminating his current sentence of incarceration. There is no evidence in the record that Mr. Taylor is suffering from a terminal illness. Nor is there evidence upon which to conclude that his advanced age of 87 is an extraordinary and compelling reason to warrant immediate release.

Similarly, Mr. Taylor is not eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) because he has not served at least 30 years in prison for the instant offense.

Accordingly, Mr. Taylor's motion for immediate release is **denied.**

**IT IS SO ORDERED.**

Date: 3/26/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RALPH TAYLOR
31628-048
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105-6001

All Electronically Registered Counsel